WALTER K. FREEMAN, Appellant, v. UNITED STATES ELECTRIC LIGHTING COMPANY, Respondent.

*Action to recover damages for a breach of contract — when the complaint is properly dismissed.*

The facts and circumstances considered and commented upon which, upon the trial of an action brought to recover damages for an alleged breach of contract, justify an order by the trial court dismissing the plaintiff's complaint.

APPEAL by the plaintiff, Walter K. Freeman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of January, 1891, dismissing the plaintiff's complaint, with costs, after a trial at the New York Circuit.

*A. R. Dyett*, for the appellant.

*William Allen Butler*, for the respondent.

FOLLETT, J.:

This action was brought to recover $134,220 damages for the alleged breach of a written contract, dated June 21, 1881, which claim is made up of the following items : (1) $1,500 payable pursuant to the second division of the contract ; (2) $100,000 payable for patents pursuant to the third division of the contract ; (3) $16,516.66 for salary between June 21, 1881, and October 27, 1887 ; (4) $3,812.50, expenses for experimental purposes between the same dates, pursuant to the first paragraph of the third division of the contract, less $7,609.16, paid toward items 3 and 4 ; and (5) $20,000 damages for having been wrongfully discharged October 27, 1887, from defendant's service.   On the trial the plaintiff abandoned his claim to recover on the first item of $1,500, so that need not be considered. Testimony having been given from which the jury might have found that the contract of June 21, 1881, was duly made for and in behalf of the defendant, it will be assumed on this appeal that the contract was not the personal agreement of Charles R. Flint, but was the contract of the corporation — the defendant — of which he was president.

When the contract was entered into the plaintiff claimed to have invented an electric lamp with a carbon filament of high resistance, and certain other valuable apparatus for lighting by electricity. The claim for the second item, $100,000, arises out of the first subdivision of the third division of the contract, which is as follows :

" 1st. In case a patent is granted to said party of the first part for said carbon filament lamp, and the claims of said Edison thereto are adjudicated invalid, and the patent granted as aforesaid the said party of the first part is adjudicated as securing to the said party of the second part the exclusive right to the use of said carbon filament lamp in incandescent lighting, so as to prevent said Edison from using his present form of lamp, then the said party of the second part shall either pay to the said party of the first part $100,000 in cash for said patent, and retain the same as his exclusive property, free from all claims of the said party of the first part, or shall assign back said patent to said party of the first part.   And in case a

patent is obtained upon said carbon filament lamp, but not in such form as to entirely defeat said Edison's claims or secure an entire monopoly therein to the said party of the second part, to the exclusion of said Edison, but, nevertheless, in such form as to cover valuable features of construction, the said party of the second part shall pay to said party of the first part, a less sum in proportion to the diminished value of the same therefor, but at least twenty-five thousand dollars, or assign such patent back to said party of the first part."

It is conceded that a patent for the lamp which the plaintiff claims to have invented has not been granted to him, and that on the 27th of November, 1883, a patent was granted to Edison for his lamp, and on the 18th of March, 1887, all proceedings pending before the Commissioner of Patents in support of the invention claimed by the plaintiff terminated adversely to him and to all persons claiming under him. The plaintiff asserts that defendant failed to prosecute the application for his patent with diligence, and that, by reason of its neglect, the right to the patent was lost and he became entitled to receive $100,000. It will be observed that by the terms of the contract quoted, the defendant did not absolutely bind itself to pay $100,000 for the patent in case it was granted, but had the right in lieu thereof to assign it to the plaintiff. Assuming that an action could be maintained for the contract price instead of for the damages, if any were sustained by the plaintiff by reason of the defendant's failure to prosecute the claim, and assuming that this action may now be turned into an action for damages, we are of the opinion that there is no evidence in the record which would have sustained a verdict that the defendant neglected to present all of the evidence of discovery and prior invention, presented or suggested by the plaintiff, or which the defendant could obtain by investigations made in its own behalf. The evidence in this case is entirely insufficient to raise a question of fact for the jury as to whether the failure to secure a patent occurred through the neglect of the defendant. A careful examination of the testimony given by the plaintiff leaves us in doubt whether he believed that he was entitled to a patent. We think the plaintiff failed to establish a *prima facie* case for the recovery of the $100,000, and that no issue of fact was presented by the evidence relating to this item.

The third, fourth and fifth items which the plaintiff claims to recover, all depend on whether plaintiff's employment under the contract was terminated December 31, 1881, and may be considered together. The plaintiff testified that, pursuant to the contract, he began work for the defendant on the 21st of June, 1881, and continued until the thirty-first of December of that year, and received payment in full for his services, and that he was also paid in full to December 31, 1881, for electrical experiments, pursuant to the contract. On the 30th of December, 1881, the plaintiff wrote the defendant that another company had offered to pay him a greater compensation than the defendant was then paying him, and that unless some different proposition was made he should leave the defendant's service the next day.

The defendant's president testified that January 3, 1882, a letter was written and mailed to the plaintiff accepting his resignation.

The plaintiff testified that he did not receive the letter, but he heard that such a letter had been written, and that his resignation had been accepted in a sense. The plaintiff also testified, and so did the defendant's officers, that since January 1, 1882, the plaintiff had not been in the employ of the defendant except in gathering evidence and in attempting to establish the patentability of his electric lamp. The plaintiff testified that since December 31, 1881, he had not been engaged in making experiments for the defendant. The fifty dollars per month mentioned in the contract are not for plaintiff's compensation but for expenses of private experiments. Having made no experiments it is not probable that he has incurred any expenses in experimenting, and if he had shown that he had been engaged in experimenting he would have had to go further and show that he had incurred expenses before he could recover for them. The record is barren of evidence to support a claim for the item of $3,812.50.

This brings us to the question, was the evidence sufficient to authorize the jury to find that plaintiff's employment, under the contract, did not terminate December 31, 1881, and was continued until October 27, 1887? We have referred to the plaintiff's resignation and its acceptance, but the plaintiff swore that his resignation was a sham and not designed to take effect, but to effect other purposes, and was so understood by defendant's officers. The defend-

ant's president denies this. This of course may be said to have presented an issue of fact. But the difficulty is that the plaintiff's evidence is so completely contradicted by his written receipts and by his conduct that a verdict in his favor would have been set aside. Notwithstanding the plaintiff's testimony that his resignation was a sham, he is compelled to admit that he performed no service for the defendant after December 31, 1881, except in attempting to secure evidence to establish his right to a patent for an electric lamp for which he was to receive $100,000. During the year 1881, when the plaintiff was employed by the defendant, he signed thirteen receipts, which, on their face, were on account of salary, and in the same year he signed three receipts for money received for experiments and four for money advanced. After January 1, 1882, all payments for salary and for experiments ceased. In the year 1882 plaintiff received sixty-five dollars, which he receipted for as paid on account. In 1883 he received $955, paid on thirty-three different dates, for which receipts were given for money received " on account," " for expenses " or for " money advanced." In 1884 he received $1,020, on twenty-five different dates, for which he gave receipts " for money advanced." In 1885 he received $1,020 on twenty-two different dates, for which all of the receipts were for money advanced, save one, which was for money on account. In 1886 he received $1,000 in thirty-two payments, all of which were for money advanced, and in 1887 he received $420 in twelve different payments, which he receipted for as money advanced. From January 1, 1882, to July 14, 1887, 127 payments, aggregating $4,480, were made by the defendant to the plaintiff, for all of which receipts were given, and there is no mention that any payments were for salary, wages or for expenses incurred in experimenting.

After a careful examination of the record we are unable to find sufficient evidence to have justified the jury in finding that the plaintiff's employment continued under the contract beyond January 1, 1882, and it follows that he could not have been wrongfully discharged from such employment as alleged in the complaint.

We think that the plaintiff made no case for the jury, was rightly nonsuited and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.